1  DENNIS CUNNINGHAM, CA SBN 11290
   Law Offices of Dennis Cunningham
2  115 ½ Bartlett Street
   San Francisco, California 94110
3  Telephone: (415) 285-8091
4  Facsimile: (415) 285-8092

5  ALAN CAPLAN, MA SBN 072700
   630 Carolina Street
6  San Francisco, CA 94107
   Telephone: (415) 826-2371
7  Facsimile: (415) 824-7148
   Email: apc716@pacbell.net
8

9  JAI M. GOHEL, CA SBN No. 170782
   Attorney at Law
10 819 Eddy Street
   San Francisco, California 94109
11 Telephone: (415) 771-6174
   Facsimile: (415) 474-3748
12 Email: jaigohel@rocketmail.com

13
   Attorneys for Plaintiffs
14

FILED
07 AUG -2 AM 10: 48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

15
16     IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF CALIFORNIA
                     -oo0oo-

**EDL**

17  ALFRED J. ABONO, JR., MARK W. DAVIS
    and DANIEL ROAY,
18                Plaintiffs,              No. C 07 3969
19        v.
20  CITY OF PITTSBURG, a municipal entity      **COMPLAINT FOR DECLARATORY AND
    form unknown, AARON L. BAKER, Chief of     INJUNCTIVE RELIEF, AND DAMAGES,
21  Police, City of Pittsburg in his individual and  FOR VIOLATIONS OF CIVIL RIGHTS AND
    official capacity, LT. W. DERBY, City of   OTHER WRONGS**
22  Pittsburg Police Department, an individual,
    SGT. (fnu) CALIA, City of Pittsburg Police
23  Department, an individual, SGT. (fnu)
    DUPONT, City of Pittsburg Police           **JURY TRIAL DEMANDED**
24  Department, and JOHN DOES 1-20.
25
                  Defendants.
26

27
28

-1-

COMPLAINT

## I. INTRODUCTION.

1. Plaintiffs seek injunctive and declaratory relief and damages herein, arising from the intimidation and squelching of the First Amendment rights of plaintiffs by officers of the Pittsburg, California Police Department, and the false arrest of plaintiff Abono, on June 24, 2006. All plaintiffs were members in good standing of the Hells Angels Motorcycle Club ("HAMC").

2. On Saturday, June 24, 2006, a civic motorcycle fair ("Thunder Days") was held on public streets in Pittsburg, California. When plaintiffs appeared at the fair, defendant police officers asserted that they were prohibited from entering and/or remaining at the fair if they wore clothing that bore the name and trademark of the HAMC, and threatened them with arrest for doing so. Defendants also told plaintiffs that they were not permitted to display or sell merchandise bearing the HAMC name at a vending stall.

3. Defendants claimed in some instances that they were acting pursuant to a valid Pittsburg City "Ordinance", and at other times declared that they were giving effect to a binding "Policy" of the City of Pittsburg. In fact, neither in June 2006, nor at the time of filing the instant Complaint, was there any ordinance or lawfully adopted policy of the City of Pittsburg that would support defendants' assertions and declarations that defendants were prohibited from wearing or selling clothing with the name and trademarked insignias of the HAMC at a public event such as "Thunder Days".

4. When plaintiff Alfred J. Abono, Jr. refused to leave or disrobe, he was arrested and taken into custody for trespassing and obstructing a police officer. Thereafter, in violation of his fundamental rights, plaintiff was prosecuted in Contra Costa County, California, for alleged violations of the non-existent Pittsburg ordinance and/or "policy". This prosecution was subsequently dismissed with prejudice by the Honorable Charles Burch of the Contra Costa Superior Court on or about May 3, 2007.

COMPLAINT

5. Defendant police officers also forced plaintiff Mark W. Davis to leave the premises of the Thunder Days street fair by threatening him with arrest if he continued to remain while wearing clothing bearing the HAMC name and/or trademarked insignias. At the same time, defendants also warned plaintiff Davis that in the future, the same restrictions against wearing such clothing would be enforced against him and other members of the HAMC at all public events held in the City of Pittsburg, and pointedly specified that such prohibition would be strictly imposed at the large-scale annual "Seafood Fair" held in and by the City of Pittsburg in September, 2006.

6. As a result of the arrest and prosecution of plaintiff Abono for displaying his HAMC insignia at "Thunder Days", and out of concern for being subjected to further unlawful and unconstitutional harassment by defendant Pittsburg Police Officers, plaintiffs and HAMC-related friends and associates did not attend the Pittsburg Seafood Festival in September, 2006.

7. Plaintiffs remain directly and immediately threatened by defendants with further deprivations of constitutional rights guaranteed to them by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and by parallel provisions of the Constitution of the State of California. Such violations are actionable pursuant to the federal Civil Rights Acts, 42 U.S.C. § 1983, *et. seq.*, and § 1988, and pursuant to the Bane Act, Cal. Civil Code, § 52.1, *et. seq.*

8. The threat of further violations of plaintiffs' federal and California state constitutional rights shows the need for preliminary and permanent injunctive relief, to protect plaintiffs and their associates from imminent and irreparable harm for which there is no adequate remedy at law. They also seek a formal declaration of their rights with respect such threatened future violations by defendants.

9. Plaintiffs further seek monetary damages arising from defendants' violations of their constitutional rights during the 2006 "Thunder Days" event, and afterwards.

10. Additionally, in this Complaint the plaintiffs speak for themselves and those associated with them in the Hells Angels, who are also targeted and unconstitutionally wronged by the defendant

-3-

COMPLAINT

1  City's purported policy of banning display of the symbols of their Association with the HAMC, and
2  also threatened with imminent constitutional harm in the form of a ban to be enforced at the 2007
3  Seafood Fair or elsewhere --- to say nothing of the more quotidian regime of harassment, prejudice
4  and disrespect which group members continuously suffer at the hands of the defendant officers and
5  their associates, on the defendant Pittsburg police force --- and these individuals have generally
6  
7  agreed to be spoken for by these plaintiffs in this action.

   11. Therefore, if deemed necessary and appropriate, a class to include all HAMC members could readily be found and certified pursuant to Rule 23, F.R. Civ. P. with respect to the equitable claims herein.

## II.   JURISDICTION AND VENUE

12. The Court has jurisdiction to grant the relief requested herein pursuant to the Civil Rights Acts, 42 U.S.C. § 1983, *et seq*, the Judicial Code, 28 U.S.C. Secs. 1331, 1343 and 2201, the constitutions of the United States and State of California, federal and California common law, and Cal. Civil Code, §§ 52.1, 52, 43, 1708 and 3333.

13. Venue in this Court is proper because the acts complained of occurred in the Northern District of California, and all parties live, work or are situated in Pittsburg, California, or nearby.

14. On December 26, 2006, pursuant to Cal. Government Code, § 910, plaintiff Abono filed a claim for damages against the City of Pittsburg. Such claim was rejected on February 21, 2007.

## III.   PARTIES.

15. Plaintiff Alfred J. Abono, Jr. is a United States citizen and a resident of Contra Costa County, California.

16. Plaintiff Mark W. Davis is a citizen of the United States and a resident of Contra Costa County, California.

17. Plaintiff Daniel Roay is a citizen of the United States and a resident of Contra Costa County, California.

-4-

COMPLAINT

18. Defendant City of Pittsburg ("city") is a municipal entity, for unknown, operating as a City under the Laws of the State of California.

19. Defendant Aaron Baker Is the Chief of Police of the City of Pittsburg Police Department, and Therefore Alleged to Be the ultimate policy maker for the department.

20. Defendant's Lt. W. Derby, Sergeant (fnu) Calia and Sergeant (fnu) DuPont are sworn officers of the City of Pittsburg Police Department.

21. Does 1 through 20 are City of Pittsburg police officers (whether line officers or supervisors), Contra Costa County Sheriff's Deputies, or other officials or policymakers, whose identities are unknown at the present time. All references herein to "defendants", collectively, include these Doe defendant's. Plaintiffs will move to substitute their true names after they become known.

22. The individual defendants, including all individual Doe defendants, carried out the actions complained of in their individual capacities, under color of state law, in the course and scope of their employment as employees of their respective law enforcement agencies.

23. The City is obligated, under Cal. Government Code, § 825(a), to pay any compensatory damages awarded against the individual defendants. Nevertheless, the defendants are jointly and severally liable for any damage awards.

## IV.   FACTUAL ALLEGATIONS.

24. On June 24, 2006, plaintiffs Alfred J. Abono Jr., Mark. W. Davis, as well as Daniel Roay, and other members of the Richmond Chapter of the HAMC planned to attend a motorcycle show, "Thunder Days", which was held on a blocked-off section of Railroad Avenue in the city of Pittsburg, Contra Costa County, California. The event was sponsored by the Pittsburg Chamber of Commerce, and was open to the general public.

COMPLAINT

25. There were no fixed entrance or exit points to and from the Thunder Days event, nor was there any admission charge. Attendees were free to enter and exit as they pleased, and they were even allowed to ride their motorcycles into the event (although cars were prohibited).

26. There were no gates or physical barriers to entry for pedestrians. However police officers had placed a hand-lettered sign on a small sawhorse at one end of the blocked off section stating "NO CLUB JACKETS".

27. Prior to the Thunder Days event, a motorcycle dealer in Pittsburg, who had been assigned an official booth [hereinafter, "Motorcycle Dealer Booth"] had agreed that the plaintiffs could share his booth in order to sell licensed HAMC-related paraphernalia.

28. The HAMC has existed as an organization for more that 50 years. Its name and insignias are recognized world-wide by members of the public and in the media as emblematic and representative of a lifestyle of independence and freedom, without apology, within the bounds, but without fear of authority.

29. The HAMC name, death-head symbols, related patches, pins and other paraphernalia have been registered and are protected by United States Trademark and Copyright laws. The HAMC has vigorously protected its intellectual rights in these regards, and has successfully taken immediate and firm action to curb violations of such rights against infringers ranging from individuals to large corporations , including Walt Disney.

30. Early on the morning of June 24, 2006, plaintiff Mark Davis and other HAMC members and friends arrived at the Motorcycle Dealer Booth with a quantity of HAMC related T-shirts and other paraphernalia, and began to arrange a display on a table to attract donors and customers from the passing crowds.

31. Before they could complete arranging their materials, plaintiff Mark W. Davis was approached by defendant Pittsburg police officers. The officers told plaintiff Davis that HAMC members were not permitted to display any articles bearing any HAMC symbols at the Thunder

-6-

COMPLAINT

Days event. He was further told that any person wearing clothing that bore the HAMC name or insignia was required to remove the same, or leave the fair. Defendants also insisted that all HAMC paraphernalia offered for sale be immediately removed from the event. Defendants asserted that if plaintiffs and friends failed to remove their personal HAMC-related insignia, or alternatively to leave the event, and/or if they failed to remove the HAMC paraphernalia that was offered for sale, they would be arrested.

32. Defendant officers told plaintiff Davis that an ordinance of the City of Pittsburg banned and prohibited public display of HAMC insignia at the Thunder Days event.

33. To the contrary, however, defendant officers were well aware, or should have aware, that no such ordinance of the City of Pittsburg existed.

34. Rather than submit to arrest, plaintiff Davis's HAMC-related friends withdrew from the marked-off area and waited in a nearby restaurant, while Mr. Davis began to pack-up the HAMC paraphernalia in compliance with the officers' order. Plaintiff Daniel Roay, who had been expecting to join Plaintiff at the event and assist plaintiff Davis was thus warned off and did not attend.

35. It was at this point in time that plaintiff Abono arrived on his motorcycle and entered the Thunder Days perimeter. He was wearing his HAMC club insignia ("patch"), and other items of HAMC-related paraphernalia.

36. As of June 24, 2006, Mr. Abono had been an HAMC member for more than 35 years. He wore and refused to remove his black leather jacket bearing a "Hells Angels" top "rocker" patch, a middle "death-head" patch depicting a flaming skull, a "California" bottom "rocker" patch, and a smaller "MC" [Motorcycle Club] patch. A photograph of Mr. Abono's jacket is attached hereto as "Exhibit A".

37. Defendant officers then informed plaintiff Abono that an ordinance of the City of Pittsburg required that he either remove his HAMC insignia, or in the alternative, immediately leave the

COMPLAINT

1 | Thunder Days event. Mr. Abono respectfully expressed his disbelief that any such ordinance existed and asked to see the ordinance. No such ordinance was shown to him.

38. Plaintiff Abono also explained his belief that he and other HAMC-related individuals had a Constitutional right to wear their patches, to display their club insignia, and to freely associate with other HAMC members and friends while enjoying the Thunder Days event. Mr. Abono then engaged in a short, respectful discussion with the defendants in which he attempted to make them understand his position.

39. Defendant officers ignored plaintiff's explanation and protestation that he had a constitutional right to wear his HAMC-related clothing and paraphernalia at the Thunder Days event, and placed him under arrest in response to his protestations. Mr. Abono was handcuffed on the street in front of numerous attendees at the event, and taken to jail, where he was booked for a supposed violation of Cal. Penal Code, §§ 602(l), 602.1(b) and 148(a).

40. While in custody, plaintiff was photographed repeatedly, including front and back pictures of his bare torso. Mr. Abono was incarcerated for several hours before being released.

41. After his arrest, Mr. Abono was prosecuted in Contra Costa Superior Court, Case No: 04-150582-5 for violation of Cal. Penal Code, §§ 602(o) and 148(a). The Pittsburg Police Incident Reports generated by defendants, and others, did not refer to a Pittsburg City "Ordinance" as the basis for the arrest, but now referred only to a Pittsburg City "Policy" banning "club jackets, gang attire or other similar apparel" at public events.

42. During the course of the criminal prosecution of Mr. Abono, the City of Pittsburg, through a representation made by a Deputy District Attorney for Contra Costa County after a conversation with the Pittsburg City Attorney's Office on March 29, 2007, informed the Contra Costa County Superior Court that there "was no code section that would allow for the City's policy to ban club jackets at public events."

-8-

COMPLAINT

43. The prosecution was dismissed with prejudice by the Contra Costa County Superior Court some nine months later on May 3, 2007. In order to address such bogus and improperly-brought criminal charges, Mr. Abono was compelled to expend $3,500 for a defense attorney, and was required to make at least seven court appearances spanning seven months.

44. At all relevant times, plaintiff held a clearly established right under the First Amendment to the United States Constitution and under Article 1, Sections 1 and 2 of the California Constitution to wear and display the name and insignia of the HAMC, and to associate publicly with other persons who wear clothing bearing such name and insignia. Mr. Abono had an equally clearly established right to be free from (false) arrest and prosecution for exercising such right.

45. No police officers in defendants' position and with their knowledge of the circumstances could have reasonably believed that there was any lawful basis for their orders to plaintiffs to remove their clothing bearing the HAMC name and insignia, or to arrest plaintiff Abono for his refusal to do so. Therefore no defendant is entitled to qualified immunity from this action.

## V. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**:
**Freedom of Speech and Association**
**42 U.S.C. § 1983, First Amendment to the U.S. Constitution**
**Injunction and Damages (All Defendants)**

46. The Orders by defendant police officers to plaintiffs to remove their clothing and articles bearing the Hells Angels insignia and symbols were perfectly unfounded, unconstitutional and illegal, since defendants had no reasonable or rational or colorable legal grounds on which to forbid them to wear and display their biker club symbols, and to associate together and seek to promote the club as they wished, which was their fundamental right, guaranteed by the First Amendment. Defendants' (false) pretense of a "policy" of the City of Pittsburg to forbid such display and association does not relieve them of liability for violation of plaintiffs' rights; rather, it implicates the

City itself in the violations, under the *Monell* rules. In the circumstances, the plaintiffs are entitled to judgment, a Declaration of their rights, and an Order of this Court affording them injunctive protection for the future, against both the officers who acted against them and the City, and through it the Police Department. The threat of future enforcement of the unlawful ban "policy", explicit and pointedly intimidating, clearly threatens plaintiffs and others in their group with imminent, highly likely irreparable harm, in the form of false arrest and imprisonment if they again assert their rights, as they wish to do, and warrants preliminary and permanent intervention by the Court for protection of those rights, as well as judgment in damages.

### SECOND CAUSE OF ACTION:
**False Arrest and Imprisonment**
**42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution**
**(All Defendants)**

47. As above, the detention and arrest of plaintiff Alfred Abono, as a means of (illegally) cutting off his First Amendment rights, and punishing him summarily for attempting to exercise them, was groundless and false, in violation of his right against unreasonable seizure under the Fourth Amendment, entitling him to judgment against the individual defendants who arrested him, and against the City as well, for the "policy" as asserted by its officers, throughout, for the damages and loss he suffered, as described and to be shown.

### THIRD CAUSE OF ACTION:
**Violation of California Civil Rights**
***Bane Act,* Cal. Civil Code §§ 52.1 and 52**
**(All Defendants)**

48. The actions of defendants in prohibiting display of plaintiffs' emblems, and their association wearing them, and threatening plaintiffs with arrest if they did not desist, and arresting and prosecuting plaintiff Abono in particular, interfered with plaintiffs' rights under Article One, §§ 1, 2, 7, 13 of the California Constitution, as well as federal Constitutional rights, as described above, by threat, intimidation and coercion within the prohibitions of the Bane Act, Section 52.1 of the Civil Code, entitling plaintiffs, and Abono in particular, to judgment, and statutory penalties, for

COMPLAINT

their damages and loss; and plaintiffs would also assert their right to injunctive relief under California Civil Code § 52, along with their 42 U.S.C. §1983 rights in that regard.

### FOURTH CAUSE OF ACTION:
Cal. Constitution, Art. I, §§ 1 and 13; Cal. Civil Code §§ 1708 and 3333;
Cal. Cal. Gov't Code §§ 815.2 and 815.6
and California Common Law

49. Defendant City is liable as a municipal entity for breaching mandatory duties to investigate, punish, and prevent police misconduct, and to protect people from false arrest and imprisonment, which proximately caused plaintiff's injuries herein, per Cal. Government Code § 815.6.

50. The City of Pittsburg is further liable in *respondeat superior* for false arrest and imprisonment, committed by the individual defendant officers, in the course and scope of their employment, per Gov't Code § 815.2.

### FIFTH CAUSE OF ACTION:
Defamation and Invasion of Privacy (False Light)
California Common Law
(All Defendants)

51. By making a public spectacle of their detention and arrest of plaintiff Abono – by drawing attention to him, arresting him, handcuffing him, and placing him in a transport vehicle—at a public street fair event, defendants defamed him in the public eye and portrayed him in the utterly false light of a dangerous scofflaw or miscreant, when in fact, he was merely exercising his constitutionally protected rights.

52. Defendant City is liable in *respondeat superior* for defamation and invasion of privacy (false light), committed by the individual defendant officers, in the course and scope of their employment, per Gov't Code § 815.2.

## VI. DAMAGES AND REMEDIES

**WHEREFORE**, the plaintiffs pray for relief herein as follows:

53. **INJUNCTION.** Plaintiffs ask the Court <u>to find and declare</u> that, in the absence of particular, articulated circumstances reasonably requiring restriction, they and 'others similarly situated' have a right guaranteed by the First Amendment and the California Constitution to wear Hells Angels club jackets and other apparel bearing the club name, pictures and symbols, and to display and distribute such materials in the City of Pittsburg at public events and otherwise; <u>to find further</u> that plaintiffs face imminent irreparable harm for which there is no adequate remedy at law; and so to enter preliminary and permanent Orders of Injunction, on the individual defendants herein, the City of Pittsburg and through it the entire Pittsburg Police Department, <u>directing them to cease and desist</u> from enforcing or purporting to enforce in and about the city any ban or prohibition on the wearing or display of Hells Angels emblems, insignia, signs, names, pictures, words or symbols, or on plaintiffs and their associates reasonably grouping together in public wearing or displaying such communicative devices in the name of their association; <u>and</u> from discriminating against or otherwise harassing them because of their association with the Hells Angels as such, all under the protection of the First Amendment, and Article One §§ 1 and 2 of the California Constitution.

54. **DAMAGES.** Plaintiffs Mark Davis, Daniel Roay and Alfred Abono, Jr. seek compensatory damages for violation of and interference with their state and federal rights to free speech and freedom of association, under 42 U.S.C. § 1983 <u>and</u> Cal. Civil Code §52, together with the penalties payable under Cal. Civil Code § 52. Plaintiff Alfred Abono in addition seeks compensatory and punitive damages for violation of his state and federal right against unlawful detention and arrest pursuant to the above-listed statutes. Each plaintiff demands judgment against defendants for these claims according to proof.

55. Plaintiffs also ask for their Costs herein, and an award of attorneys fees and expenses as provided for by state and federal law.

56. Fines and penalties as authorized by California Civil Code §52 *et. seq.*

57. Plaintiffs demand Trial by Jury of their legal claims and all disputed facts; <u>and,</u>

-12-

COMPLAINT

1  | 58.      such other relief as the Court deems just and proper.

3                                               Respectfully Submitted,
  DATED: July 27, 2007
4

5

6                                               DENNIS CUNNINGHAM
                                                ALAN CAPLAN
7                                               JAI M. GOHEL

8                                               Attorneys for Plaintiffs

-13-

COMPLAINT

**EXHIBIT "A"**