Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
Tricia L. Hynes (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Ruthann G. Ziegler (SBN: 88854)
rziegler@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 Capitol Mall, Suite 1200
Sacramento, CA 95814
Telephone: (916) 556-1531
Facsimile: (916) 556-1516

Attorneys for Defendants
CITY OF PITTSBURG, CHIEF AARON BAKER,
LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA, and
SERGEANT RODERICK DUPONT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED J. ABONO, JR., MARK W. DAVIS and DANIEL ROAY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PITTSBURG, a municipal entity form unknown; AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capacity; LT. W. DERBY, City of Pittsburg Police Department, an individual, SGT. (fnu) CALIA, City of Pittsburg Police Department, an individual, SGT. (fnu) DUPONT, City of Pittsburg Police Department, and JOHN DOES 1-20,<br><br>Defendants. | Case No: C07-3969 SBA<br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES, FOR VIOLATIONS OF CIVIL RIGHTS AND OTHER WRONGS**<br><br>**Jury Trial Demanded**<br><br>State Court Complaint Filed: September 21, 2007 |

1  THE CITY OF PITTSBURG, CHIEF AARON BAKER, LIEUTENANT DERBY,
2  SERGEANT CALIA, and SERGEANT DUPONT (hereinafter "Defendants") answer Plaintiffs' First
3  Amended Complaint as follows:

### I.  INTRODUCTION

1. In answer to paragraph 1, DEFENDANTS admit that plaintiffs allege they are seeking injunctive and declaratory relief and damages herein. DEFENDANTS expressly deny the remaining allegations contained in paragraph 1.

2. In answer to paragraph 2, DEFENDANTS admit that a motorcycle event known as "Thunder Days" was held on June 24, 2006. DEFENDANTS deny the remaining allegations contained therein based on information and belief.

3. In answer to paragraph 3, DEFENDANTS deny the allegations contained therein in their entirety.

4. In answer to paragraph 4, DEFENDANTS admit that PLAINTIFF ABONO was arrested on June 24, 2006. DEFENDANTS further admit that PLAINTIFF ABONO was prosecuted in Contra Costa County. Based on a lack of information and belief, DEFENDANTS deny that prosecution of PLAINTIFF ABONO was dismissed. DEFENDANTS deny the remaining allegations contained in paragraph 4 in their entirety.

5. In answer to paragraph 5, DEFENDANTS deny the allegations contained therein based on information and belief.

6. In answer to paragraph 6, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

7. In answer to paragraph 7, DEFENDANTS deny the allegations contained therein.

8. In answer to paragraph 8, DEFENDANTS deny the allegations contained therein.

9. In answer to paragraph 9, DEFENDANTS admit that PLAINTIFFS' Amended Complaint contains allegations that they are seeking monetary damages. DEFENDANTS deny the remaining allegations contained therein.

10. In answer to paragraph 10, DEFENDANTS deny the allegations and legal contentions contained therein.

11. In answer to paragraph 11, DEFENDANTS expressly deny the allegations in their entirety in that class certification is either appropriate or legally permissible in this case and any other allegations therein.

## II. JURISDICTION AND VENUE

12. In answer to paragraph 12, if PLAINTIFFS have a First Amendment claim, then DEFENDANTS admit that this Court has jurisdiction.

13. In answer to paragraph 13, DEFENDANTS admit that the events complained of by PLAINTIFFS occurred within this Court's jurisdiction, and that all DEFENDANTS reside in or are employed in this jurisdiction. DEFENDANTS admit that PLAINTIFFS' Amended Complaint alleges that all three reside in Contra Costa County, but have no independent information to confirm or deny these claims.

14. In answer to paragraph 14, DEFENDANTS admit that PLAINTIFF ABONO submitted a Government Tort Claim which was rejected by the City.

## III. PARTIES

15. In answer to paragraph 15, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

16. In answer to paragraph 16, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

17. In answer to paragraph 17, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

18. In answer to paragraph 18, DEFENDANTS admit that it is a municipality operating under the laws of the State of California.

19. In answer to paragraph 19, DEFENDANTS admit that DEFENDANT BAKER is Chief of Police of the City of Pittsburg. The remaining allegations in paragraph 19 are legal contentions which DEFENDANTS are unable to admit or deny.

20. In answer to paragraph 20, DEFENDANTS admit that LIEUTENANT DERBY, LIEUTENANT CALIA and SERGEANT DUPONT are sworn officers with the City of Pittsburg Police Department.

21. In answer to paragraph 21, DEFENDANTS deny the allegations contained therein.

22. In answer to paragraph 22, DEFENDANTS admit that the individually-named DEFENDANTS are City of Pittsburg Peace Officers employed by the City. DEFENDANTS deny the remaining allegations contained therein.

23. In answer to paragraph 23, DEFENDANTS are unable to admit or deny the contents thereof because paragraph 23 contains legal contentions.

### IV.   FACTUAL ALLEGATIONS

24. In answer to paragraph 24, DEFENDANTS admit that Thunder Days was a motorcycle event being held in the City of Pittsburg on June 24, 2006, sponsored by the Pittsburg Chamber of Commerce. DEFENDANTS admit that PLAINITIFF ABONO was in attendance. DEFENDANTS deny the remaining allegations contained in paragraph 24 in their entirety based on a lack of information and belief.

25. In answer to paragraph 25, DEFENDANTS deny allegations contained therein based on a lack of information.

26. In answer to paragraph 26, DEFENDANTS deny allegations contained therein based on a lack of information.

27. In answer to paragraph 27, DEFENDANTS deny allegations contained therein based on a lack of information.

28. In answer to paragraph 28, DEFENDANTS deny allegations contained therein based on a lack of information.

29. In answer to paragraph 29, DEFENDANTS deny allegations contained therein based on a lack of information.

30. In answer to paragraph 30, DEFENDANTS deny allegations contained therein based on a lack of information.

31. In answer to paragraph 31, DEFENDANTS admit that they were in attendance and working at the Thunder Days event and approached several individuals throughout the day for various reasons. DEFENDANTS deny the remaining allegations contained in paragraph 31 based on a lack of information.

1    32.   In answer to paragraph 32, DEFENDANTS deny allegations contained therein based on a lack of information and belief.

3    33.   In answer to paragraph 33, DEFENDANTS deny allegations contained therein.

4    34.   In answer to paragraph 34, DEFENDANTS deny allegations contained therein based on a lack of information.

6    35.   In answer to paragraph 35, DEFENDANTS deny allegations contained therein based on a lack of information.

8    36.   In answer to paragraph 36, DEFENDANTS deny allegations contained therein based on a lack of information.

10   37.   In answer to paragraph 37, DEFENDANTS admit that they approached PLAINTIFF ABONO in relation to his actions on June 24, 2006. DEFENDANTS deny the remaining allegations contained therein based on information and belief.

13   38.   In answer to paragraph 38, DEFENDANTS admit they tried to have a discussion with PLAINTIFF ABONO. DEFENDANTS deny the remaining allegations contained therein based on information and belief.

16   39.   In answer to paragraph 39, DEFENDANTS admit that they arrested PLAINTIFF ABONO for trespass, obstruction and resisting arrest because of PLAINTIFF ABONO'S actions. DEFENDANTS deny the remaining allegations contained therein.

19   40.   In answer to paragraph 40, DEFENDANTS admit that PLAINTIFF ABONO was booked according to policy and procedure. DEFENDANTS deny the remaining allegations contained therein.

22   41.   In answer to paragraph 41, DEFENDANTS admit that PLAINTIFF ABONO was prosecuted in Contra Costa County for his arrest on June 24, 2006. DEFENDANTS deny the remaining allegations and legal conclusions contained therein.

25   42.   In answer to paragraph 42, DEFENDANTS admit that the District Attorney's office spoke with the City Attorney's office on March 29, 2007. DEFENDANTS deny the remaining allegations contained therein.

43. In answer to paragraph 43, DEFENDANTS deny allegations contained therein based on a lack of information and belief.

44. In answer to paragraph 44, DEFENDANTS admit that PLAINTIFF ABONO has those state and federal rights afforded any civilian acting within the bounds of the law. DEFENDANTS deny the remaining allegations contained therein.

45. In answer to paragraph 45, DEFENDANTS deny allegations and legal conclusions contained therein.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Freedom of Speech and Association**
**42 U.S.C. §1983, First Amendment to the U.S. Constitution**
**Injunction and Damages (Against All Defendants)**

46. In answer to paragraph 46, DEFENDANTS deny all allegations and legal conclusions contained therein.

### SECOND CAUSE OF ACTION
**False Arrest and Imprisonment**
**42 U.S.C. §1983, Fourth Amendment to the U.S. Constitution**
**(Against All Defendants)**

47. In answer to paragraph 47, DEFENDANTS deny all allegations and legal conclusions contained therein.

### THIRD CAUSE OF ACTION
**Violation of California Civil Rights**
***Bane Act*, Cal. Civil Code §§52.1 and 52**
**(Against All Defendants)**

48. In answer to paragraph 48, DEFENDANTS deny all allegations and legal conclusions contained therein.

### FOURTH CAUSE OF ACTION
**Cal. Constitution, Art. I, §§ 1 and 13; Cal. Civil Code §§1708 and 3333**
**Cal. Gov't Code §§815.2 and 815.6**
**and California Common Law**

49. In answer to paragraph 49, DEFENDANTS deny all allegations and legal conclusions contained therein.

50. In answer to paragraph 50, DEFENDANTS deny all allegations and legal conclusions contained therein.

### FIFTH CAUSE OF ACTION
### Defamation and Invasion of Privacy (False Light)
### California Common Law
### (Against All Defendants)

51. In answer to paragraph 51, DEFENDANTS deny allegations and legal conclusions contained therein.

52. In answer to paragraph 52, DEFENDANTS deny allegations and legal conclusions contained therein.

## VI.   DAMAGES AND REMEDIES

**WHEREFORE**, DEFENDANTS deny that plaintiffs are entitled to judgment against defendants, and each of them, as follows:

In answer to the damages allegations, paragraphs 53 through 58, DEFENDANTS deny PLAINTIFFS were damaged at all or are entitled to an award of damages, injunctive relief, punitive damages, or any other relief they are seeking and take nothing by their Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted in that plaintiffs fail to allege facts showing a violation of the First or Fourth Amendments, or any other provision of law.

### SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted in that plaintiffs fail to allege a cause of action for violation of 42 U.S.C. § 1983.

### THIRD AFFIRMATIVE DEFENSE

DEFENDANTS, and each of them, at all times, acted in good faith, without malice and within the scope and course of their employment, and under the reasonable belief that their actions were lawful. Accordingly, DEFENDANTS and each of them are entitled to state and federal qualified immunity herein.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiffs failed to exhaust their administrative remedies.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that the PLAINTIFFS' claims are founded upon principles of negligence, PLAINTIFFS were negligent in and about the matters referred to in their Amended Complaint. Such negligence bars or diminishes PLAINTIFFS' recovery against DEFENDANTS.

**SIXTH AFFIRMATIVE DEFENSE**

The Amended Complaint is barred because PLAINTIFFS caused any alleged damage to themselves and failed and refused to make reasonable efforts to mitigate any such damage.

**SEVENTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a justifiable cause or controversy that is ripe for adjudication.

**EIGHTH AFFIRMATIVE DEFENSE**

The PLAINTIFFS are guilty of laches and are therefore barred from asserting some or all of their purported causes of action.

**NINTH AFFIRMATIVE DEFENSE**

The PLAINTIFFS have waived or relinquished their causes of action purportedly set forth in the Amended Complaint.

**TENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to the provisions of California Government Code Sections 820.2 and 815.2.

**ELEVENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to the provisions of California Government Code Sections 820.4 and 815.2.

**TWELFTH AFFIRMATIVE DEFENSE**

PLAINTIFFS' prayer for exemplary damages is precluded under California Government Code Sections 818.

**THIRTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to California Government Code Sections 818.8 and 815.2.

**FOURTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to California Government Code Sections 820.8 and 815.2.

**FIFTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to California Government Code Section 821.6 and 815.2.

**SIXTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to California Government Code Section 822.2 and 815.2.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

PLAINTIFFS' action is barred to the extent they failed to comply with California Government Code Section 900 *et seq.* or to the extent that they have exceeded the scope of any allegedly filed claim.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that the officers had probable cause to believe that their actions toward the PLAINTIFFS were lawful.

**NINTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from the claims contained in PLAINTIFFS' Complaint pursuant to the provisions of California Penal Code Section 835.

**TWENTIETH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from the claims contained in PLAINTIFFS' Complaint pursuant to the provisions of California Penal Code Section 835(a).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from the claims contained in PLAINTIFFS' Complaint pursuant to the provisions of California Penal Code Section 836.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from the claims contained in PLAINTIFFS' Complaint pursuant to the provisions of California Penal Code Section 836.5

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

PLAINTIFFS' claims against DEFENDANTS under 42 U.S.C. §1983 are contrary to law, in that they are founded upon the doctrine of *respondeat superior*. Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory. (*Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978).)

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

DEFENDANTS are informed and believe and thereby allege that PLAINTIFFS' alleged damages or injuries, if any, were aggravated by the failure of PLAINTIFFS and/or other individuals to use reasonable diligence to mitigate those injuries or damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that PLAINTIFFS have waived their right to maintain the action filed in the Amended Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that PLAINTIFFS are barred by the principle of estoppel from maintaining the action filed in this case.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that the officers were privileged to detain PLAINTIFF ABONO at the time and place alleged.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that the Amended Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of attorneys' fees or punitive damages against DEFENDANTS.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that PLAINTIFFS were comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Company* (1975) 13 Cal. 3d 804, and these DEFENDANTS

pray that any and all damages sustained by said PLAINTIFFS be reduced by the percentage of their negligence.

### THIRTIETH AFFIRMATIVE DEFENSE

DEFENDANTS allege that PLAINTIFFS are guilty of willful misconduct which contributed to the happening of the incident which resulted in their alleged injuries.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

DEFENDANTS allege that PLAINTIFF'S claim for punitive damages is barred by the doctrine enunciated in *City of Newport v. Facts Concerts, Inc.,* 453 U.S. 247 (1981).

Dated:   October 25, 2007         Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON


By: _____/S/_____
         Tricia L. Hynes
Attorneys for Defendants
CITY OF PITTSBURG, CHIEF AARON BAKER,
LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA,
and SERGEANT RODERICK DUPONT

1023756_1.DOC