| | |
|---|---|
| 1 | Deborah J. Fox (SBN: 110929) |
| 2 | dfox@meyersnave.com <br> Tricia L. Hynes (SBN: 212550) |
| 3 | thynes@meyersnave.com <br> MEYERS, NAVE, RIBACK, SILVER & WILSON |
| 4 | 555 12th Street, Suite 1500 <br> Oakland, CA  94607 |
| 5 | Telephone: (510) 808-2000 <br> Facsimile: (510) 444-1108 |
| 6 | Ruthann G. Ziegler (SBN: 88854) |
| 7 | rziegler@meyersnave.com <br> MEYERS, NAVE, RIBACK, SILVER & WILSON |
| 8 | 555 Capitol Mall, Suite 1200 <br> Sacramento, CA  95814 |
| 9 | Telephone: (916) 556-1531 <br> Facsimile: (916) 556-1516 |
| 10 | Attorneys for Defendants |
| 11 | CITY OF PITTSBURG, CHIEF AARON BAKER, <br> LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA, and |
| 12 | SERGEANT RODERICK DUPONT |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED J. ABONO, JR. MARK W. DAVIS, and DANIEL ROAY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PITTSBURG, a municipal entity form unknown; AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capacity; LT. W. DERBY, City of Pittsburg Police Department, an individual, SGT. (fnu) CALIA, City of Pittsburg Police Department, an individual, SGT. (fnu) DUPONT, City of Pittsburg Police Department, an individual, and JOHN DOES 1-20, <br><br> Defendants. | Case No:  C07-3969 SBA <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE [FRCP 42(a)]** <br><br> DATE:    January 15, 2008 <br> TIME:    1:00 p.m. <br> DEPT.:   Courtroom 3, 3rd Floor <br><br><br> Complaint Filed:  August 2, 2007 <br> Service Effective:  September 21, 2007 |

1  I.   **NOTICE OF MOTION**

2  ALFRED J. ABONO, JR. MARK W. DAVIS, DANIEL ROAY AND THEIR ATTORNIES
3  OF RECORD:

4  Please take notice that on January 15, 2008, at the hour of 1:00 p.m., or as soon thereafter as the
5  matter can be heard in Courtroom 3, on the 3rd Floor of this Court, located at 1300 Clay Street,
6  Oakland, California, the DEFENDANTS CITY OF PITTSBURG, CHIEF AARON BAKER,
7  LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA, and SERGEANT RODERICK
8  DUPONT, defendants, will move this Court to consolidate Action No. C07-3969 SBA with Action No.
9  C07-05371 JCS, as both Complaints rely upon identical issues of law and fact.

10 Defendants' motion is based upon this Notice of Motion, Motion, and Memorandum of Points
11 and Authorities, the pleadings and papers on file in this action, and upon such other and further matters
12 as the Court may consider at the hearing of this motion.

13 II.  **RELIEF SOUGHT**

14 Defendants seek consolidation of plaintiffs' two separate Actions in this First Amendment case.
15 Plaintiffs are seeking damages for alleged First Amendment violations of their rights.  They filed, for
16 all intents and purposes, two practically identical actions—one in federal court and one in state court,
17 which defendants removed.  Defendants have asked that these cases be, however, because of the
18 identical allegations and causes of actions, the defendants are seeking consolidation of the two actions
19 into a single, stream-lined Action.  This is in the interests of all parties and the Court

20 III. **INTRODUCTION**

21 On September 21, 2007, plaintiffs filed an action in the U.S. District Court, Northern District,
22 against the above Defendants in Docket No. C07-3969, alleging violations of plaintiffs' constitutional
23 and state law rights.  Defendants have appeared in this action.

24 Also on September 21, 2007, one of the three plaintiffs in Docket No. C07-3969 also filed an
25 action in the Superior Court of the State of California, in and for the County of Contra Costa.  After it
26 was removed, this action was assigned Docket No. C07-05371 JCS.  Docket No. C07-05371 is against
27 the same Defendants, and contains factual allegations and causes of action which are identical to
28 Docket No. C07-3969, save for the labeling of these claims.  Defendants have not yet appeared in this

action.

The removed state court Complaint contains four causes of action, (1) <u>violation of freedom of speech</u>, (2) <u>false arrest and imprisonment</u>, (3) <u>*respondeat superior* liability against the City</u>, and (4) <u>defamation and invasion of privacy</u>.

The federal court Complaint contains four identical causes of action for (1) <u>violation of freedom of speech and association</u>, (2) <u>false arrest and imprisonment</u>, (3) <u>*respondeat superior* liability against the City</u>, and (4) <u>defamation and invasion of privacy</u>, and one additional cause of action based upon California Civil Rights statutes: Violation of the Bane Act, §§52.1 and 52.

Because the two Complaints share identical charging allegations, identical factual allegations, and a majority of identical causes of action, for judicial economy and because the City *is* a public entity expending a finite amount of public funds, the City Defendants are seeking consolidation of the two actions into one streamlined case.

## IV. STATEMENT OF FACTS

On June 24, 2006, all three plaintiffs planned on attending a motorcycle show called "Thunder Days" in Pittsburg. All three plaintiffs are members of the Richmond chapter of the Hell's Angel's Motorcycle Club. When plaintiff Mark Davis arrived at the show and began setting up his merchandise for sale, he alleges that he was told by City police officers that Hell's Angels members were not permitted to display their items bearing the motorcycle club's logo. He further alleges that he was told to remove any items of clothing or he and the other Hell's Angel's members would have to leave. Mr. Davis packed up his gear and went to a nearby restaurant.

Plaintiff and Hell's Angel member Daniel Roay alleges that he learned of the prohibition on displaying, wearing or selling club paraphernalia and so he never came to the City that day.

Plaintiff and Hell's Angel member Alfred Abono arrived at the event and refused to remove his jacket which bore Hell's Angel patches. He was arrested for refusing to leave property when asked to, and for resisting arrest.

## V. ISSUES PRESENTED

Plaintiffs' Complaints in Docket No. C07-3969 SBA and Docket No. C07-05371 JCS contain identical issues of law and fact, warranting consolidation.

VII. **ARGUMENT**

    A. **Courts have broad discretion to consolidate for all purposes pending actions which share common issues of law or fact**

Federal Rule 42(a) provides, "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The purpose of Rule 42(a) is clear: to enhance trial court efficiency and to avoid the substantial danger of inconsistent adjudications. The single requirement before consolidation can be ordered is that questions of law or fact are common to both actions. Courts have broad discretion to consolidate actions. (*Investors Research Co. v. U.S. District Court (Southern Cal. Meat Cutters Union, et al., real parties in interest)* (9th Cir. 1989) 877 F.2d 777.)

The defendants are being asked to defend themselves against an overwhelming majority of <u>identical claims</u> in two <u>identical actions</u> arising from <u>an identical set of facts</u>. For reasons of judicial economy and judicial equity, this should not be allowed. Both of plaintiffs' current Complaints allege the following: On June 25, 2006, all three plaintiffs contend their First Amendment free speech rights, among others, were violated by the individually-named defendants and the City. Both Complaints contain identical factual allegations—that is, they both share "common issues of fact." Both Complaints allege that the defendants (1) violated all three plaintiffs' civil rights to freedom of speech and association, (2) falsely arrested and imprisoned plaintiff Abono, and invaded plaintiff Abono's right to privacy and defamed him. Additionally, both Complaints allege that the City is liable for the individual defendants' actions based upon a *respondeat superior* theory. Thus, both contain "common issues of law." Both Complaints contain identical language in all paragraphs but those pertaining to the state cause of action based upon the Bane Act in Action No. C07-3969. The prayer for damages in both Complaints is likewise identical, save for the injunction plaintiffs pray for in Docket No. C07-3969.

///

///

1  Because consolidation would avoid unnecessary duplication of evidence and procedures, and potential different results, the City defendants respectfully ask that the Court order consolidation of both actions for all purposes.

## VIII. CONCLUSION

Plaintiffs' complaints, both Docket No. C07-3969 SBA and Docket No. C07-05371 JCS, rely upon the exact same factual allegations. Indeed, they share four identical causes of action. Although technically permissible, it is unconscionable to force the City to spend public funds defending itself in two separate Actions, against one consistent set of factual allegations. For the sake of judicial economy and of the parties' time and interest, the actions ought to be consolidated.

Dated: October 25, 2007        Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By:  /s/
     Tricia L. Hynes
Attorneys for Defendants
CITY OF PITTSBURG, CHIEF AARON BAKER,
LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA,
and SERGEANT RODERICK DUPONT

1019245_1.DOC