| | |
|---|---|
| 1 | Deborah J. Fox (SBN: 110929) |
| 2 | dfox@meyersnave.com<br>Tricia L. Hynes (SBN: 212550) |
| 3 | thynes@meyersnave.com<br>MEYERS, NAVE, RIBACK, SILVER & WILSON |
| 4 | 555 12th Street, Suite 1500<br>Oakland, CA  94607 |
| 5 | Telephone: (510) 808-2000<br>Facsimile: (510) 444-1108 |
| 6 | Ruthann G. Ziegler (SBN: 88854) |
| 7 | rziegler@meyersnave.com<br>MEYERS, NAVE, RIBACK, SILVER & WILSON |
| 8 | 555 Capitol Mall, Suite 1200<br>Sacramento, CA  95814 |
| 9 | Telephone: (916) 556-1531<br>Facsimile: (916) 556-1516 |
| 10 | Attorneys for Defendants |
| 11 | CITY OF PITTSBURG, CHIEF AARON BAKER,<br>LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA, and |
| 12 | SERGEANT RODERICK DUPONT |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 15 | ALFRED J. ABONO, JR. MARK W. DAVIS, and DANIEL ROAY, | Case No:  C07-3969 SBA |
| 16 | | |
| 17 | Plaintiffs, | **DEFENDANTS' OBJECTION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO REMAND** |
| 18 | v. | |
| 19 | CITY OF PITTSBURG, a municipal entity form unknown; AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capacity; LT. W. DERBY, City of Pittsburg Police Department, an individual, SGT. (fnu) CALIA, City of Pittsburg Police Department, an individual, SGT. (fnu) DUPONT, City of Pittsburg Police Department, an individual, and JOHN DOES 1-20, | DATE:    None Noticed<br>TIME:    None Noticed<br>DEPT.: |
| 20 | | |
| 21 | | |
| 22 | | Complaint Filed:  August 2, 2007<br>Service Effective:  September 21, 2007 |
| 23 | | |
| 24 | Defendants. | |

1       On November 1, 2007, plaintiffs filed what they labeled as an "Administrative Motion to Remand" in Docket No. C07-5371 MHP. They did not properly serve and notice a hearing date on this motion in compliance with the Northern District's Local Rules. Local Rule 7-11 contemplates that from time to time parties may need to file motions or requests for clerical or other housekeeping-type matters, such as a request to exceed page limits, or filing something under seal. This Rule does not, however, provide an avenue for parties to circumvent otherwise contested legal actions that are the proper subject of a briefing schedule and hearing, such as a motion to remand an action. These matters are to be filed pursuant to the Federal Civil Rules and Local Rules governing noticed motion practice. *See*, Local Rule 7-2(a).

      Regardless of what a plaintiff chooses to label its cause of action, it is the specific allegations in support of that cause of action which control, and for which defendants must answer. *Labram v. Havel* (4th Cir. 1995) 43 F.3d 918, 920-921. If federal question jurisdiction exists, then the defendants are entitled to proceed in this forum. Remand would divest this Court of jurisdiction, and deprive defendants of their choice of forum. Plaintiff cannot raise federal claims, and then deprive the City of its right to have them adjudicated in a federal forum. Defendants, therefore, wish to be heard on this matter.

      Moreover, pursuant to Section 28 U.S.C. §1441(c), remand is improper where the federal and state claims involve substantially the same facts. In other words, in cases such as the present one, where there is no "separate and independent claim" under 1441(c), courts do not have discretion to remand. *Smith v. Amedisys Inc.* (5th Cir. 2002) 298 F.3d 434, 439. Here, all of plaintiffs' claims derive from the same nucleus of operative facts: allegations that the City's officers violated plaintiffs' free speech rights. Nothing in Section 1441(c) relieves federal courts from exercising jurisdiction on claims arising under federal law. (See, *Hickerson v. City of New York* (SD NY 1996) 932 F. Supp. 550, 558.) Such jurisdiction is mandatory, not discretionary. *Ibid*.

      Defendants hereby object to plaintiffs' attempts at circumventing the rules governing motion practice, and request that the Court strike their Motion from the Docket and require plaintiffs to file a properly noticed Motion in compliance with all Federal Rules Civil Procedure and Local Rules, so that defendants may be afforded an opportunity to file an Opposition thereto and be heard by the Court on

1  this issue.

2

3  Dated: November 2, 2007          Respectfully submitted,

4                                   MEYERS, NAVE, RIBACK, SILVER & WILSON

5

6                                   By: _____/s/_____
                                        Tricia L. Hynes
7                                   Attorneys for Defendants
                                    CITY OF PITTSBURG, CHIEF AARON BAKER,
8                                   LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA,
                                    and SERGEANT RODERICK DUPONT

9

10

11  1026651_1.DOC