| | |
|---|---|
| 1 | Dennis Cunningham |
| 2 | Law Offices of Dennis Cunningham<br>115-1/2 Bartlett Street |
| 3 | San Francisco, CA 94110<br>Telephone No.: (415) 285.8091 |
| 4 | Facsimile No.: (415) 285.8092<br>Email: denniscunningham@juno.com |
| 5 | Attorneys for Plaintiffs |
| 6 | |
| 7 | Deborah J. Fox (SBN: 110929)<br>dfox@meyersnave.com |
| 8 | Tricia L. Hynes (SBN: 212550)<br>thynes@meyersnave.com |
| 9 | MEYERS, NAVE, RIBACK, SILVER & WILSON<br>555 12th Street, Suite 1500 |
| 10 | Oakland, CA 94607<br>Telephone: (510) 808-2000 |
| 11 | Facsimile: (510) 444-1108 |
| 12 | Attorneys for Defendants<br>CITY OF PITTSBURG, CHIEF AARON BAKER, |
| 13 | LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA, and<br>SERGEANT RODERICK DUPONT |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALFRED J. ABONO, JR. MARK W. DAVIS and DANIEL ROAY,<br><br>            Plaintiffs,<br><br>v.<br><br>CITY OF PITTSBURG, a municipal entity form unknown; AARON L. BAKER, Chief of Police, City of Pittsburg in his individual and official capacity; LT. W. DERBY, City of Pittsburg Police Department, an individual, SGT. (fnu) CALIA, City of Pittsburg Police Department, an individual, SGT. (fnu) DUPONT, City of Pittsburg Police Department, an individual, and JOHN DOES 1-20,<br><br>            Defendants. | Case No:     C07-3969 SBA<br><br>Related Case:  Contra Costa County Superior Court Case No. C07-0173<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT [CLR 16.9]**<br><br>Date:   May 29, 2008<br>Time:   3:30 p.m.<br>Dept.:  Courtroom 3, 3rd Floor |
|---|---|

Joint Case Management Conference Statement [C07-3969 SBA]

## I. INTRODUCTION

The parties were able to reach a tentative settlement agreement in front of Magistrate Judge Larson on May 12, 2008.  The terms of the agreement are as follows:  Defendants shall pay plaintiffs $25,000.00 and shall agree to language in the Settlement Agreement that acknowledges that the current Special Events Permitting Ordinance does not allow banning of gang colors/club jackets.  Plaintiffs agree to a "no public relations" clause which would prohibit them from holding a press conference, posting on their website(s), or otherwise speaking about this action and the related action stemming out of the events on June 24, 2006.  Defendants are to get the proposed wording of the settlement agreement clause related to gang colors/club jackets by Wednesday, May 21, 2008.  The parties anticipate working out the exact wording of the Settlement Agreement by the end of this month, after which time they will execute a Stipulation & Order for Dismissal of this and the related Actions with prejudice.

**1. Jurisdiction & Service.**   This is a civil rights case, under 42 USC 1983, seeking Declaratory and Injunctive relief, and damages, for violation of the plaintiffs' First Amendment rights.  All parties have been served(?)

**2. Facts.**

**A. Plaintiffs' Facts:**

The case arises from actions of Pittsburg police officers who refused to permit plaintiffs to attend or participate in a city-sponsored motorcycle fair, in June, 2006, because they were wearing clothing with pictures and emblems, etc., representing the "Hells Angels Motorcycle Club", and hoping to sell and distribute tee-shirts and other materials bearing those and similar symbols at a booth in the fair.  The defendant officers claimed (falsely) that there was an city Ordinance and/or policy which allowed them to forbid plaintiffs and others similarly situated entry to the fair unless they would remove the clothing, and refrain from distributing the club materials.  Plaintiff Albert Abono was arrested and jailed when he refused on principle to remove his jacket or leave the fair.

**B. Defendants' Facts:**

One or more of the Plaintiffs were attending a first annual Thunder Days motorcycle event sponsored by the Pittsburg Chamber of Commerce.  Signs were posted by the Chamber of

1  Commerce at all points of ingress and egress stating that no gang colors or club jackets could be worn
2  at the event and attendees had to pay a fee to enter. When Pittsburg Police Officers saw Hell's Angels
3  Motorcycle club members setting up a booth and wearing club jackets, the Officers radioed their
4  Chamber contact to ask if the booth was authorized by the Chamber, and to see if the Chamber wanted
5  the "no club jackets" Chamber rule enforced. The Chamber contact said that the booth was not
6  authorized and asked that the officers remove it. The Chamber contact further stated that she would
7  like the no club paraphernalia enforced. The officers told the Hell's Angels to remove their booth and
8  take off their club paraphernalia. All but plaintiff Alfred Abono complied. After pleading with him to
9  no avail, the officers had no other choice but to arrest him.

      **3. Legal Issues.**

         A. Whether plaintiffs are entitled to declaratory and injunctive relief against defendants' alleged policy and practice of banning display of club symbols?

         B. Whether plaintiff Abono's rights were violated?

         C. Whether plaintiff Abono can recover damages for arrest and imprisonment in violation of his rights?

         C. Whether the individual defendants or any of them are entitled to qualified immunity?

         D. Whether the individual defendants' actions were reasonable?

      **4. Motions.** No motions yet made by either side. Plaintiffs contemplate a motion for preliminary injunction, pending current discussions about possible settlement.

      **5. Amendment of Pleadings.** None contemplated at this time.

      **6. Evidence Preservation.** Defendants have issued a memo to all applicable City departments requesting that they preserve any documents and things that are related to this case because of this litigation.

      **7. Disclosures.** Initial disclosures have been completed.

      **8. Discovery.** Discovery not yet initiated; again, pending settlement discussions

**9.  Class Action.**   Nature of case suggests (to plaintiffs) a class claim may be appropriate with respect to the equitable claims; however, this should also abide pending the settlement talks. Defendants strongly disagree.

**10.  Related Case.**  A claim for false arrest and related civil rights violations on behalf of the named plaintiff, Alfred Abono, was filed in Superior Court in Contra Costa County, and subsequently removed to this court by defendants; now pending in front of the Honorable Marilyn Hall Patel. Plaintiffs have objected to the removal on grounds that no federal claim was included in the action, and a motion for remand is in the works, which may be mooted by the settlement process.

**11.  Relief.**  Plaintiffs are seeking a declaratory judgment and/or a preliminary and permanent injunction making clear the right of club members under the U.S. and California Constitutions to carry and display their symbols at non-public events in the City of Pittsburg.  In addition, plaintiff Abono seeks money damages under Sec. 1983 and/or the Bane Act (Cal Civil Code Sec. 52.1 et seq) for false arrest etc.

**12.  Settlement & ADR.**   The parties were able to reach a tentative settlement agreement in front of Magistrate Judge Larson on May 12, 2008.  The terms of the agreement are as follows: Defendants shall pay plaintiffs $25,000.00 and shall agree to language in the Settlement Agreement that acknowledges that the current Special Events Permitting Ordinance does not allow banning of gang colors/club jackets.  Plaintiffs agree to a "no public relations" clause which would prohibit them from holding a press conference, posting on their website(s), or otherwise speaking about this action and the related action stemming out of the events on June 24, 2006.  Defendants are to get the proposed wording of the settlement agreement clause related to gang colors/club jackets by Wednesday, May 21, 2008.  The parties anticipate working out the exact wording of the Settlement Agreement by the end of this month, after which time they will execute a Stipulation & Order for Dismissal of this and the related Actions with prejudice.

**13.  Consent to Magistrate.**  Defendants previously declined to proceed before a magistrate judge.

**14-16.**  Not applicable.

**17. Schedule.** Parties suggest the matter be put over for another status report around the end of June; by which time the matter may well be fully or partially resolved, and remaining scheduling needs, if any, will be apparent.

**18. Trial.** Equitable claims would be tried to the Court; the damage claims, if any remain, will be for a Jury, and the case should take no more than two or three days for presentation of evidence.

**19. Interests of Non-parties.** None known to plaintiffs.

**20. Other.** The parties have settled this matter, pending final agreement on the wording of the Settlement Agreement, which should be completed by the end of this month, May 2008.

Dated: May 19, 2008                     Respectfully submitted,

                                        LAW OFFICES OF DENNIS CUNNINGHAM


                                        By: _____/s/_____
                                              Dennis Cunningham
                                        Attorneys for Plaintiffs


Dated: May 19, 2008                     Respectfully submitted,

                                        MEYERS, NAVE, RIBACK, SILVER & WILSON


                                        By: _____/s/_____
                                              Tricia L. Hynes
                                        Attorneys for Defendants
                                        CITY OF PITTSBURG, CHIEF AARON BAKER,
                                        LIEUTENANT WADE DERBY, SERGEANT JAMES CALIA,
                                        and SERGEANT RODERICK DUPONT

1098746.1